# IN RE OPINION OF THE JUDGES

(149 N.W.2d 326)

(File No. 10427. Opinion filed March 15, 1967)

TO HIS EXCELLENCY, THE GOVERNOR OF THE STATE OF SOUTH DAKOTA:

SIR:

We have the honor to acknowledge receipt of your communication requesting the opinions of the Judges of the Supreme Court upon the following inquiry:

"There has been presented to me for my approval or disapproval, House Bill 645, which has been duly enacted by the members of the Senate and House of Representatives of the forty-second Legislature of the State of South Dakota.

"This bill purports to pay to each member of the Legislature out of state funds so appropriated, the sum of twenty dollars ($20.00) a day for each legislative day,

as reimbursement for his office expenses and all other uncompensated expenses incident to his service, incurred during this session. The bill further provides that the total sum shall be paid at the end of each regular session. An emergency clause, accordingly, is a part of said measure.

"Article III, Section 6, of the Constitution of the State of South Dakota, as adopted in November, 1962, provides in connection with the establishment of annual legislative sessions, that, '* * * * * * * * * members of the Legislature shall receive no other pay or perquisites except salary and mileage.'

"I urge that the members of this Court determine and advise me accordingly as to whether the reimbursement for office expenses and all other uncompensated expenses to be paid to legislators of the forty-second legislative session, as provided for by House Bill 645, is permissible under the provisions of the Constitution of the State of South Dakota."

The inquiry concerns the proper interpretation of Section 6, Article III, as amended at the general election of 1962 pursuant to Chap. 296, Laws 1961. In Christopherson v. Reeves (1921), 44 S.D. 634, 184 N.W. 1015, this court construing the words "members of the Legislature shall receive no other pay or perquisites except per diem and mileage" initially contained in Section 6, held that this provision did not forbid an allowance of $200 for each member of the Legislature in addition to per diem and mileage. There is no material difference in the meaning of the language construed in the Christopherson case with respect to the authority of the Legislature to provide reimbursements for expenses and the amended section. We are of the opinion that the decision in the Christopherson case is distinguishable; that the expense allowance there considered was in lieu of the expenses incidental to travel to the state capital and the increased expense of living at a place other than the legal residence of a legislator during the regular session of the Legislature and in effect constituted repayment of expenditures estimated in advance

and allowable by law. The purpose of the per diem expense allowance in House Bill No. 645 is uncertain and indefinite. Living expenses were deleted by amendment; office and other legislative expenses are paid from other appropriations. See Senate Bill No. 15.

It is our opinion that the act in question in effect grants additional compensation of $20.00 per day to the Lieutenant Governor and each member of the Legislature at the next and succeeding sessions of the Legislature, but it will not be operative to grant extra compensation for services rendered during the 1967 session because in contravention of the provisions of Section 3, Article XII, of the State Constitution which provides that the Legislature shall never grant "any extra compensation to any public officer * * * after the services shall have been rendered".

It is our opinion House Bill No. 645 may constitutionally operate prospectively.

> Respectfully submitted,
> E. D. ROBERTS
> ALEX RENTTO
> CHARLES S. HANSON
> FRANK BIEGELMEIER
>  Judges
> FRED J. HOMEYER
>  Presiding Judge.